*Ellis, R. Mag.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-2-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SEGUNDO CHIMBAY, DANIE JOSEPH,
SEYDOU KONATE, FERNANDO PENALOZA,
and SUDEEP RAJ UPRETY, on behalf of
themselves and all others similarly situated,

          Plaintiffs,

v.

AMIN HIMANNI, SIRAJ HIMANI, 500
CLARKSON INC., 504 CLARKSON INC.,
DELICIOUS HOT DOGS & PRETZELS INC., and
PIZZA PLUS AT STATEN ISLAND FERRY INC.,

          Defendants.
----------------------------------------------------------X

Case No.: 1:15-cv-02000-RLE

[PROPOSED]
STIPULATION AND
ORDER OF DISMISSAL

      Plaintiff SUDEEP RAJ UPRETY and Defendants AMIN HIMANNI, SIRAJ HIMANI, 500 CLARKSON INC., 504 CLARKSON INC., DELICIOUS HOT DOGS & PRETZELS INC., and PIZZA PLUS AT STATEN ISLAND FERRY INC., by and through their respective counsel of record, hereby stipulate and agree as follows:

      WHEREAS, Plaintiff Sudeep Raj Uprety ("Uprety") joined this action as an opt-in Plaintiff on March 10, 2015 by filing a written consent pursuant to § 216(b) of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (Dkt No. 15) On June 23, 2015, Uprety became a named Plaintiff by virtue of Plaintiffs' filing of their Second Amended Complaint. (Dkt No. 40)

      WHEREAS, on August 31, 2015, Defendants filed a Motion to Dismiss Uprety's claims. In their Motion, Defendants argued that at all times Uprety was "employed in a bona fide executive ... capacity" within the meaning of 29 U.S.C. § 213(a)(1) and N.Y.C.R.R. § 146-3.2(c), and thus exempt from the overtime requirements of the FLSA and New York State law. (Dkt No. 66)

WHEREAS, the parties have conducted significant discovery bearing on the merits of Uprety's claims for unpaid overtime, including production and review of Uprety's payroll records, as well as depositions in which other Plaintiffs have described Uprety's duties at Pizza Plus.

WHEREAS, Uprety's undersigned counsel has been unable to contact Uprety throughout January and February 2016, despite making numerous to contact him throughout this time period by telephone, e-mail, text-message, and regular mail. Based on Uprety's failure to contact his undersigned counsel at any time in January and February 2016, his undersigned counsel has inferred that Uprety is no longer interested in continuing in this matter as a Plaintiff.

WHEREAS, on January 12, 2016, Defendants Siraj Himani and Pizza Plus at Staten Island Ferry, Inc. filed a Counterclaim against Uprety for Tortious Interference With Business Relations. (Dkt No. 80)

NOW THEREFORE, subject to the Court's approval of this stipulation, the Parties hereby stipulate and agree that:

1. All claims Uprety has asserted in this matter of hereby dismissed without prejudice;
2. All counterclaims asserted against Uprety in this matter are hereby dismissed without prejudice;
3. Uprety shall have until March 30, 2016 to submit an application to the Court to restore his claims against Defendants. If Uprety's claims are restored, Defendants' counterclaims against Uprety shall also be restored;
4. If Uprety fails to submit an application to restore his claims by March 30, 2016, then the claims he has asserted in this matter shall be deemed dismissed with prejudice;



5. If Uprety fails to submit an application to restore his claims by March 30, 2016, then the counterclaims asserted against him in this matter shall be deemed dismissed with prejudice;

6. Dismissal of Uprety's FLSA claims in accordance with this Stipulation does not contravene *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The foregoing terms represent the Parties' entire agreement regarding the disposition of claims by and against Uprety. The Parties have not agreed to any monetary compensation for damages or attorneys' fees or costs, to any release of claims not involved in this action, or to any other non-economic provisions. As consideration for dismissal of Uprety's claims, Defendants have agreed to dismiss their counterclaims against Uprety. *Cf. Lola v. Skadden*, No. 13-cv-5008 (RJS), 2016 U.S. Dist. LEXIS 12871, at *5 (S.D.N.Y. Feb. 3, 2016) (noting that under *Cheeks*, "a mutual release of claims is acceptable because it 'will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes.'" (quoting *Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 U.S. Dist. LEXIS 151144 , 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015)). In light of Defendants' position that Uprety was an exempt employee, the amount of discovery conducted in regard to Uprety's overtime claims, and Uprety's apparent unwillingness to continue as a Plaintiff in this action, Defendants' agreement to withdraw their counterclaim as provided herein is sufficient consideration to support a finding that the Parties' Stipulation is fair and reasonable under *Cheeks*.

7. Each side shall bear their own attorneys' fees and costs with respect to the claims asserted by and against Uprety in this action.

3

Dated: ~~January 29, 2016~~ February 29, 2016

By: _____
Nicholas Conlon
JTB Law Group, LLC
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201)-630-0000
Fax: (855)582-5297
Email: nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiffs*

By: _____
Lee Nuwesra, Esq.  (LN5851)
Law Offices of Lee Nuwesra
60 E. 42nd St., Suite 1132
New York, NY 10165
(212)-370-8707
Fax: 212-370-8708
Email: lnuwesra@optonline.net

*Attorneys for Defendants*

**SO ORDERED:**                3-2-16

_____
Honorable Ronald L. Ellis
United States Magistrate Judge