USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEGUNDO CHIMBAY, et al.,

                Plaintiffs,

- against -

PIZZA PLUS AT
STATEN ISLAND FERRY, INC., et al.,

                Defendants.

**OPINION AND ORDER**

**15-CV-2000 (RLE)**

**RONALD L. ELLIS, U.S.M.J.:**

### I. INTRODUCTION

On December 8, 2014, Plaintiffs commenced this labor and employment action against Defendants Pizza Plus at Staten Island Ferry, Inc. ("Pizza Plus"), 500 Clarkson, Inc. ("Brick Oven Pizza"), 504 Clarkson, Inc. ("Crown Fried Chicken"), Delicious Hot Dogs & Pretzels, Inc. ("Delicious Hot Dogs") (collectively, "Defendant Restaurants"), and Siraj Himani ("S. Himani"), and Amin Himani ("A. Himani") (collectively, "Individual Defendants"). (Doc. No. 1.) The case was transferred from the Eastern District of New York to the Southern District of New York by stipulation of the Parties on March 17, 2015. (Doc. No. 17.) On April 14, 2015, the Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure ("FRCP") 73. (Doc. No. 78.) On June 16, 2015, the Court granted Plaintiffs leave to file a Second Amended Complaint ("SAC"), which was filed on June 23, 2015. (Doc. No. 40.)

Before the Court is Defendants' Motion to Dismiss. (Doc. No. 66.) Defendants initially sought to dismiss: (1) Delicious Hot Dogs pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction; and (2) Plaintiff Sudeep Raj Uprety ("Uprety") and his claims against Brick Oven

Pizza pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Defendants' Memorandum of Law in Support ("Defs. Mem.") at 1.) On March 2, 2016, the Parties submitted a stipulation for the dismissal of Uprety's claims, as well as Defendants' counterclaims against him. That same day, the Court held a telephone conference to address the impact of the stipulation on Defendants' motion. Plaintiffs argued that although Uprety was no longer a Plaintiff, Delicious Hot Dogs and Brick Oven Pizza are still proper Defendants under the single integrated enterprise theory. Defendants argued that if Uprety is no longer a party to this action, but was the only Plaintiff to work at Delicious Hot Dogs and Brick Oven Pizza, those entities should be dismissed as well. The Court approved the stipulation, dismissing Uprety from the case. (Doc. No. 84.)

For the reasons that follow, Defendants' motion to dismiss Delicious Hot Dogs and Brick Oven Pizza is **DENIED**.

## II.    BACKGROUND

The relevant facts herein were provided by Plaintiffs in their SAC, and are presumed true for purposes of this motion. Defendants employed Plaintiffs as food service employees at their fast food restaurants throughout New York and New Jersey. (SAC ¶ 10.) As a single employer, Defendants own and operate Defendant Restaurants, and a group of stores known collectively as Whitehall Ferry Terminal.[1] (*Id.*) Defendants' operations are interrelated in that they share common facilities, supplies, and products. They also operate a centralized warehouse at Seaport Terminal, where they store inventory before delivering it to the Defendant Restaurants. (*Id.* ¶ 5.) Two of Defendants' stores also have similar logos, menus, and décor. (*Id.*) Defendants

---

[1] Because Plaintiffs' paystubs for Whitehall Ferry Terminal bore the name Pizza Plus at Staten Island Ferry, Inc., for the purposes of this opinion, Pizza Plus and Whitehall Ferry Terminal are considered the same establishment. (SAC ¶ 170.)

exercised "central control over labor relations" because all food service employees were subject to a pay policy of only paying employees for the first forty (40) hours worked each week by check, and paying the remaining hours in cash at their regular rate of pay. (*Id.* ¶ 16.) Defendants also shifted employees between the various establishments without requiring new job applications or training processes. (*Id.*) Defendants used a single office to process and issue paychecks, and used the same time-keeping system to record hours worked. (*Id.*)

Individual Defendants serve as "officers, directors, and/or managing agents of at least some" of the Defendant Restaurants, and exercised common management, ownership, and financial control. (*Id.* ¶ 12, 17.) Individual Defendants are family members, and share several offices. (*Id.* ¶ 17, 30, 70.) They also work at a common office located at Seaport Terminal. (*Id.*) S. Himani and A. Himani are "sufficiently involved in the single enterprise consisting of all other Defendants to constitute an employer of all the Plaintiffs ..." (*Id.* ¶ 23, 69.) A. Himani is a shareholder of Pizza Plus, Brick Oven Pizza, Delicious Hot Dogs, and Crown Fried Chicken. (*Id.* ¶ 26-29.) He exercised day-to-day control of Pizza Plus, and visited three to four times per week. (*Id.* ¶ 25.) He also had discussions with Uprety about sales and employee issues. (*Id.*) S. Himani is the Chief Executive Officer and a shareholder of every corporate Defendant. (*Id.* ¶ 17.) He visited Delicious Hot Dogs three to four times per week, and "had discussions with Uprety about the restaurant's sales and employee issues." (*Id.* ¶ 40.) He exercised day-to-day control over employees, had the authority to hire and fire, and had authority to determine the method and amount of compensation of employees at Delicious Hot Dogs, Brick Oven Pizza, Pizza Plus, and other establishments at Whitehall Ferry Terminal. (*Id.* ¶ 41- 51, 56-69.)

Plaintiffs allege that because Defendants are a single employer, they have jointly and severally violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New

York Labor Law ("NYLL") provisions by: (1) requiring food service employees to work in excess of forty (40) hours each week and over ten (10) hours "on many days"; (2) paying employees "off the books" for overtime hours; and (3) failing to pay spread-of-hours compensation. (*Id.* ¶¶ 1, 13, 204-10.)

### III. DISCUSSION

#### A. Applicable Law

In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, or a 12(b)(6) motion for failure to state a claim, a court must assume as true factual allegations in the complaint, and all inferences are drawn in favor of the pleader. *Shipping Financial Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 151 (2d Cir. 2002) (quoting *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). Where the court must decide jurisdictional issues in dispute, it may look to "evidence outside the pleadings, such as affidavits." *Filetech S.A. v. France Telecom, S.A.*, 157 F.3d 922, 932 (2d Cir. 1998) (quoting *Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992)).

A Rule 12(b)(1) motion may be appropriate when a plaintiff's federal claim is not even minimally plausible. *See Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 99 (2d Cir. 1990). "[W]hen the contested basis of federal jurisdiction is also an element of plaintiff's asserted federal claim, the claim should not be dismissed for want of jurisdiction except when it appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *AVC Nederland B.V. v. Atrium Inv. Partnership*, 740 F.2d 148, 152-53 (2d Cir. 1984) (internal quotation marks omitted).

In most cases, the court will consider a 12(b)(1) motion before ruling on any other motions to dismiss, since dismissal of an action for lack of subject matter jurisdiction will render all other accompanying defenses and motions moot. *See United States ex rel Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993), *cert. denied sub nom. Kreindler & Kreindler v. United Technologies Corp.*, 508 U.S. 973 (1993); *see also Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). Thus, a court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) should decide the jurisdictional question first because "a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Magee v. Nassau County Medical Center*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998); *see also Rhulen*, 896 F.2d at 678.

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id* (quoting *Twombly*, 550 U.S. at 555). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 235–36 (1974)).

If on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. All parties must be given a reasonable opportunity to present all material

that is pertinent to the motion." FED. R. CIV. P. 12(d); *see also Grand Union Co. v. Cord Meyer Development Corp.*, 735 F.2d 714, 715 (2d Cir. 1984) (because the plaintiff presented an affidavit opposing defendants' motions to dismiss there was no indication that the district court excluded the plaintiff's affidavits from consideration, the motions to dismiss should have been treated as motions for summary judgment); *Carter v. Stanton*, 405 U.S. 669, 671 (1972) (where matters outside the pleadings were presented and not excluded by the court, the court was required to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56); *Terranova v. New York*, 144 Fed. App'x 143, 145 (2d Cir. 2005) ("It is well established that when materials outside the pleadings are offered upon a motion to dismiss … 'a district court must either exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material'") (quoting *Friedl v. City of New York*, 210 F.3d 79. 83 (2d Cir. 2000)) (internal citations omitted).

For the purposes of Defendants' 12(b)(6) claim, the Court will not consider the declarations submitted by Defendants, and will decide the claim on the pleadings.

**B.     Single Employer Test**

In the labor and employment context, a "single employer situation exists 'where two nominally separate entities are actually part of a single integrated enterprise. . .'" *Arcuelo v. On-Site Sales & Marketing, LLC*, 423 F.3d 193, 198 (2d Cir. 2005) (quoting *NLRB v. Browning-Ferris Indus. Of Pa., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982)). Under this test, if distinct entities are deemed to constitute a single enterprise, liability for certain violations of employment law may be imposed on "not only the nominal employer but also on another entity comprising part of the single integrated employer." *Id.* By contrast, a "joint employer" relationship assumes

separate legal entities that may handle certain aspects of their relationship jointly. *Id* (citing *Clinton's Ditch Cooperative Co. v. NLRB*, 779 F.2d 132, 137 (2d Cir. 1985)) (internal citations omitted). Where [the joint employer] doctrine is operative:

> An employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer.

*Id.* In determining whether a group of distinct, but affiliated entities should be treated as a single employer for FLSA purposes, courts consider: (1) the interrelation of operations; (2) the centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 367 (2d Cir. 2014) (citing *Perez v. Westchester Foreign Autos, Inc.*, 11-CV-6091 (ER), 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013)). "Whether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss." *Brown v. Daikin America, Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) (internal citations omitted).

Plaintiffs allege that Defendants are a single employer for three key reasons. First, Defendants' operations are interrelated because they share common facilities, supplies, products, have similar logos, menus and décor, and operate a centralized warehouse for storing inventory. (SAC ¶ 15.) Second, Defendants exercise central control over labor relations by formulating pay policies and implementing them across establishments, and by shifting food service employees among the different restaurants without requiring the employees to go through new job application or training processes. (*Id.* ¶ 16.) Defendants use the same time-keeping system to record employee hours for the restaurants. (*Id.*) Defendants also process and issue paychecks from common offices, including Seaport Terminal, Whitehall Ferry Terminal, Brick Oven Pizza,

7

and Crown Fried Chicken. (*Id.*) Third, Defendants have common management, ownership, and financial control because S. Himani is the "Chief Executive Officer of every corporate Defendant" named, the Individual Defendants share several offices, and they have worked together in a common office located at Seaport Terminal. (*Id.* ¶ 17.)

Defendants argue that their entities operate separately and independently from each other, and that there is no common management, ownership, or financial control. (Defs. Mem. at 4; *see also* Declaration of S. Himani ¶ 6-9.) Contrary to Plaintiff's claims, Defendants contend that A. Himani was a shareholder of Pizza Plus and did not own shares of Brick Oven Pizza or Crown Fried Chicken, while S. Himani was a shareholder of all three restaurants. (Defs. Mem. at 3.) S. Himani, however, did not control or manage Brick Oven Pizza or Crown Fried Chicken. (*Id.*) Defendants concede S. Himani's control of Pizza Plus. They maintain, however, that Minnat Mahmoud controlled Brick Oven Pizza and that Syued Muffazal controlled Crown Fried Chicken. They point out that the three restaurants serve different foods, and have distinct menus. (*Id.* at 3-4.) Defendants further argue that Pizza Plus did not begin operations until April 2013, and that Delicious Hot Dogs ceased operations in 2012. (*Id.* at 4.)

The Court finds that Plaintiffs have sufficiently pled that Defendants are a single employer for the purposes of establishing subject matter jurisdiction, and surviving a 12(b)(1) motion to dismiss. Here, the contested basis of federal jurisdiction, Defendants' status as a single employer, is an element of Plaintiffs' claim under the FLSA, and is wholly dependent on whether the Defendant Restaurants can be held jointly and severally liable. Accordingly, Delicious Hot Dogs and Brick Oven Pizza should not be dismissed for want of jurisdiction. *See AVC Nederland B.V.*, 740 F.2d at 152-53.

The Court further finds that Plaintiffs have sufficiently alleged that Defendants are a single employer to survive a 12(b)(6) motion to dismiss, and that the facts in the SAC make out a plausible claim of Defendants' single integrated enterprise liability. Any contrary assertions by Defendants shall not be considered on this basis of dismissal. Whether the Defendant Restaurants are sufficiently integrated to be treated as a single employer is a question of fact that will not be resolved by Defendants' Motion to Dismiss. *See Brown,* 756 F.3d at 226.

### III. CONCLUSION

For the reasons, set forth above, Defendants' Motion to Dismiss is **DENIED.** This resolves Doc. No. 66.

SO ORDERED this 14th day of March 2016.
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge