USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-1-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEGUNDO CHIMBAY, et al.,

       Plaintiffs,

- against -

PIZZA PLUS AT STATE ISLAND FERRY INC.,

       Defendant.

MEMORANDUM
OPINION AND ORDER

15-CV-2000 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

  On April 14, 2015, the Parties consented to the jurisdiction of the undersigned. (Doc. No. 28.) On July 11, 2016, the Parties informed the Court that they had settled in principle during a Court-ordered mediation session held on July 8, 2016. (Doc. No. 95.) In accordance with *Cheeks v. Freeport Pancake House, Inc.*, 793 F.3d 199 (2d Cir. 2015), if a settlement in a Fair Labor Standards Act ("FLSA") case is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair. The Court ordered the Parties to file the terms of the settlement agreement, a joint letter explaining why the proposed settlement is fair and reasonable, and an explanation of the reasonableness of the attorneys' fees sought. (Doc. No. 36.) On August 31, 2016, the Parties submitted the requisite documents for approval. (Doc. No. 100.) For the reason that follows, their request for approval of the settlement agreement is **DENIED.**

  Courts in this District have rejected proposed settlement agreements that contain general, broad releases that include "unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) ("[A]n employer is not entitled to use [an] FLSA claim ... to leverage a release from liability

unconnected to the FLSA")); *see also Lazaro-Garcia v. Sengupta Food Services*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (quoting *Flood v. Carlson Restaurants Inc.*, No. 14-CV-2740 (AT) (GWG), 2015 WL 4111668, at *2 (S.D.N.Y. Jul. 6, 2015) ("These provisions are 'too sweeping to be 'fair and reasonable' and so must be rejected'")); *Flores-Mendieta v. Bitefood Ltd.*, 15-CV-4997 (AJN), 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016). The Second Circuit recognized how general releases are illustrative of "the potential for abuse in such settlements...underscore[ing] why judicial approval in the FLSA setting is necessary." *Cheeks,* 796 F.3d at 206 (citing *Nights of Cabiria*, 96 F. Supp 3d at 170).

The settlement agreement submitted for review in this case contains such an overbroad general release in Section C. (Doc. No. 101 at 9.) Among other terms, it requires Plaintiffs to "relinquish, waive, and release all of the Defendants [...] from all possible claims [...], whether presently known or unknown by Plaintiffs, which may have arisen from the beginning of time through the date of their signatures on [the] Agreement." Such a release confers an "uncompensated, unevaluated and unfair benefit[]" on Defendants. *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court therefore rejects the proposed settlement.

Additionally, because the agreement must be viewed as a whole, the Court notes other components of the submitted papers that provide cause for concern though do not clearly require rejection of the settlement.

There is a "strong presumption" that the lodestar—"the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate for attorneys and paralegals,"—is reasonable. *See Toys "R" Us, Inc. v. Abir*, 97-CV-8675 (JGK), 1999 WL 61817, at *1 (S.D.N.Y. Feb. 10, 1999). However, when evaluating the reasonableness of proposed attorneys' fees "the

court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (emphasis added) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Plaintiffs' attorneys have submitted records to support the allocation of the attorneys' fees and costs provided for in the settlement agreement. (Doc. No. 100-2, -3.) The Court notes that the attorney Expense Ledger contains a number of charges of questionable reasonableness, including 1) transportation via ferry for mediation at the Court on July 8, 2016; 2) meals for Plaintiffs' attorney on December 23, 2015, May 4, 2016, January 5, 2016; and 3) a check for admission to this District for Nicholas Conlon and the corresponding postage for priority mail. (Doc. No. 100-2.) In addition, the Attorney Time Ledger shows a charge to Plaintiffs of $250 for the time spent on February 9, 2015, by Nicholas Colon preparing his application to the Eastern District of New York. (Doc. No. 100-3.) While the total proposed attorney's fees and costs are less than the presumptively reasonable lodestar amount, these specific charges are unreasonable because these charges are unnecessary to the attorney's representation of Plaintiffs. The charges relating to Nicholas Conlon's professional status are especially troubling to the Court, as these charges benefit Nicholas Conlon personally and Plaintiffs' attorneys have made no effort to demonstrate how these charges are necessary to Plaintiffs' case.

The Court is also concerned by the agreement's distribution of exactly half of Plaintiffs' share of the settlement amount as "prejudgment interest and statutory non-wage payments…for which an IRS Form 1099…shall be issued reporting nonwage income as required by law." (Doc. No. 101 at 3-5.) The Parties have not submitted any rationale to justify allocating these specific amounts as prejudgment interest and statutory damages. The only distinguishing factor between the allocations is the method for reporting income to the Internal Revenue Service ("IRS"), with

half to be reported on an IRS Form W-2, and therefore subject to required tax withholding and deductions; and the other half to be reported on an IRS Form 1099, and therefore not subject to tax withholding or deductions. While the Court does not opine on whether the Parties' distribution is lawful, the Court reminds the Parties that the IRS code requires a statement reflecting remuneration for employees' services to be reported through an IRS W-2 Form. *See* 26 U.S.C. § 6051; 26 C.F.R. § 31.6051–1.

The Parties may refile the settlement and letter, curing the defects described above, by **December 16, 2016**. Failure to do so will result in the Court setting pretrial deadlines for this action.

**SO ORDERED this 1st day of December 2016.**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge