# Exhibit 1 – Revised Settlement Agreement, Clean Version

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------X**
**SEGUNDO CHIMBAY, DANIE JOSEPH,**
**SEYDOU KONATE**, and **FERNANDO**
**PENALOZA, on behalf of themselves and**
**all others similarly situated,**

                    **Plaintiffs,**                          **Case No.: 1:15-cv-02000-RLE**

**v.**

**AMIN HIMANI,  SIRAJ HIMANI, 500**
**CLARKSON INC., 504 CLARKSON INC.,**
**DELICIOUS HOT DOGS & PRETZELS**
**INC.,** and **PIZZA PLUS AT STATEN ISLAND**
**FERRY INC.,**

                    **Defendants.**
**---------------------------------------------------------X**

### [PROPOSED] SETTLEMENT AGREEMENT AND RELEASE

This Confidential Negotiated Settlement Agreement and Release ("Agreement"), dated

_____, is entered into by and between (1) Segundo Chimbay, Danie Joseph,

Seydou Konate, and Fernando Penaloza, on behalf of themselves, their agents, representatives,

assignees, heirs, executors, beneficiaries, and trustees (hereinafter referred to as "Plaintiffs" or

"Releasors"), and (2) 500 Clarkson Inc., 504 Clarkson, Inc., Delicious Hot Dogs and Pretzels,

Inc., and Pizza Plus at Staten Island Ferry Inc., and each of their parent companies and any of

their subsidiaries, divisions, related companies, and their predecessors, successors, assigns,

current or former employees, agents, members, owners, attorneys, affiliates, independent

contractors, volunteers, servants, shareholders, officers, directors, partners, attorneys, insurers,

1

and representatives, and Amin Himani and Siraj Himani individually (hereinafter collectively referred to as the "Defendants" or  Releasees").

WHEREAS, on December 8, 2014, Plaintiffs filed a Complaint in the United States District Court, Eastern District of New York entitled *Segundo Chimbay and Fernando Penaloza, individually and on behalf of all others similarly situated v. Pizza Plus at Staten Island Ferry Inc..,* Civil Case No. 1:14-cv-07169-RJD-RLM.

WHEREAS, on or about February 6, 2015, Seydou Konate filed a written consent form pursuant to Section 216(b) of the FLSA;

WHEREAS, on March 11, 2015, the Plaintiffs' Complaint was transferred to the United States District Court, Southern District of New York, and subsequently referred to Magistrate Judge Ronald L. Ellis and assigned Civil Case No. 1:15-cv-02000-RLE (the "Action").

WHEREAS, on or about March 19, 2015, Danie Joseph filed a written consent form pursuant to Section 216(b) of the FLSA;

WHEREAS, on June 23, 2015, the Plaintiffs filed a Second Amended Complaint against, *inter alia*, Defendants Amin Himani, Siraj Himani, 500 Clarkson Inc., 504 Clarkson, Inc., Delicious Hot Dogs and Pretzels, Inc., and Pizza Plus at Staten Island Ferry Inc. (hereinafter collectively referred to as the "Complaint"), alleging claims for overtime violations under the Fair Labor Standards Act and New York Labor Law, and spread of hours violation under New York Labor Law;

WHEREAS, Defendants have contested the claims set forth in the Complaint and deny any and all liability and wrongdoing and have produced documents to Plaintiffs' counsel to prove their position; and

2

WHEREAS, Plaintiffs and Defendants now desire to settle the claims in the Complaint, whether asserted or unasserted, and to resolve some matters of dispute or potential dispute between them, including but not limited to Plaintiffs' claims in the Complaint, without the time, uncertainty, and expense of further litigation;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, Plaintiffs and the Defendants hereby agree as follows:

A.    **Settlement Payment**

1.    In full settlement of all claims made by Plaintiffs against Defendants, and in accordance with the terms of this Agreement, Defendants shall pay to Plaintiffs the total settlement amount of One Hundred and Nineteen Thousand Dollars and No Cents ($119,000.00) (the "Settlement Amount"), which shall consist of a total of Sixty Nine Thousand Dollars ($69,000.00) to Plaintiffs and Fifty Thousand Dollars ($50,000.00) to JTB Law Group, LLC for reasonable attorneys' fees and costs incurred, as follows:

a.    Within thirty (30) days after the later of (i) dismissal of the Action with prejudice in accordance with the terms of this Agreement; or (ii) all Plaintiffs' execution of the Agreement, Defendants shall deliver a payment to JTB Law Group, LLC, for a total amount of Eighty Nine Thousand Dollars ($89,000.00), payable as follows:

i.   Twelve Thousand Three Hundred Eighty-Six Dollars and Seventy Cents ($12,386.70) to Segundo Chimbay;

ii.  Three Thousand Forty-One Dollars and Fifty-Four Cents ($3,041.54) payable to Danie Joseph;

3

    iii.  Forty-Five Thousand Four Hundred Ten Dollars and Ninety-Eight Cents ($45,410.98) payable to Seydou Konate;

    iv.  Eight Thousand One Hundred Sixty Dollars and Seventy-Eight Cents ($8,160.78) payable to Fernando Penaloza; and

    v.  Twenty Thousand Dollars ($20,000.00) payable to JTB Law Group, LLC.

    b.      Commencing with the first month falling at least sixty (60) days after the later of (i) dismissal of the Action with prejudice in accordance with the terms of this Agreement; or (ii) all Plaintiffs' execution of the Agreement, Defendants shall make twelve (12) installment payments of Two Thousand Five Hundred Dollars and No Cents ($2,500.00), each of which shall be payable to JTB Law Group, LLC and shall be due no later than the first day of each month for twelve (12) consecutive months, for a total of Thirty Thousand Dollars ($30,000.00).

    c.      All payments of the Settlement Amount shall be delivered via non-USPS courier with a tracking number to the offices of Plaintiffs' attorneys JTB Law Group, LLC, 155 2nd Street, Suite 4, Jersey City, New Jersey 07302, ATTN: Nicholas Conlon so as to be received no later than the dates indicated above. In the event that the deadline date for payment shall fall on a Saturday, Sunday or National Holiday, the date for payment shall be extended to the next business weekday.

    d.      For income and payroll tax purposes, Each Plaintiff's share of the Settlement Amount will be treated as wages and subject to required tax withholding and deductions. Each Plaintiff shall report his or her share of the Settlement Amount to taxing authorities as wage income as required by law on an IRS Form W-2. Defendants and Defendants' Counsel make no warranty and have provided no advice regarding the tax treatment

4

of payments and Plaintiffs acknowledge they have received no representations from Defendants' Counsel regarding taxation or tax advice. All taxes, other than the employer's share of payroll taxes, are the sole responsibility of the individual receiving the payment.

2.      Simultaneous herewith, Plaintiffs, through their respective counsel, shall execute and file the Proposed Stipulated Order of Dismissal with Prejudice, which is attached hereto as Exhibit A. Counsel for any of the parties in this matter may file the Proposed Stipulated Order of Dismissal with Prejudice, attached hereto as Exhibit A.

3.      In the event that Defendants fail to make the settlement payment in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiffs shall provide notice of the default by email and mail to counsel for the Defendants: Lee Nuwesra, Law Offices of Lee Nuwesra, 60 East 42nd Street, Ste. 1132, New York, NY 10165, lnuwesra@optonline.net. The Defendants will then have seven (7) business days from the date of receipt of such notice within which to cure the default. If this default is not cured within such time, Defendants will accrue a penalty of $300 for each such breach. If Defendants default on any of the installment payments in Section A(1)(b), and the default is not cured within thirty (30) days, then Defendants consent to judgment being entered against them jointly and severally for $30,000.00, with credits for any installment payments made pursuant to Section A(1)(b). Defendants waive the right to assert any defenses or bring any counter-claims in response to the consent judgment. Defendants consent to the judgment being entered by any Court of competent jurisdiction in New York County, New York. Defendants further agree to pay Plaintiffs' attorneys' fees and costs in the event of an action by Plaintiffs to enforce the consent judgment against Defendants. As a condition and in consideration of Plaintiffs' release of claims, each Defendant shall execute and produce to Plaintiffs' counsel an Affidavit for Confession of Judgment (as attached hereto as

5

Exhibit B) at the time Plaintiffs produce to Defendants' counsel this fully executed Agreement and Exhibit B.

  **B.**  **Settlement Approval**

    1.  The terms of this Agreement are contingent upon Court Approval of the settlement and dismissal of the Action with prejudice.  The Parties agree to work cooperatively to secure Court approval of the Parties' settlement and dismissal of the Action. Plaintiffs' Counsel shall file an Unopposed Motion for Approval of Settlement Agreement and Dismissal of the Action with Prejudice (the "Approval Motion").

    2.   "Approval" means the occurrence of all three of the following events:  (i) the Court's issuance of an order granting the Approval Motion or granting so much of the Approval Motion as relates to material terms of this Agreement other than Section D ("Mutual Non-Disparagement") (as further explained in Section B(3), below); and (ii) the Court's entry of an order dismissing the Action with prejudice.

    3.  Without limiting the generality of Section B(2), above, Approval will not occur, and Defendants will have no obligation to make any payments under this Agreement, unless the Court approves the Settlement Amounts allocated to each Plaintiff in Section A(1). The Parties agree that if the Court in the Action, in ruling on the Approval Motion, finds that the Approval Motion cannot be granted unless the "Mutual Non-Disparagement" provision in Section D is modified or stricken, the Court may modify or strike such clause as it sees fit.

  **C.**  **Waiver/ Release**

    1.  Plaintiffs freely and unconditionally relinquish, waive, and release all of the Defendants, their parent companies and any of their subsidiaries, divisions, related companies, and their predecessors, successors, assigns, current or former employees, agents,

members, owners, partners, attorneys, affiliates, independent contractors, volunteers, servants, insurers, shareholders, officers, directors and representatives (collectively, the "Releasees") from any and all wage-and-hour claims that were brought in the Action or could have been brought under the facts asserted in the Action, including all claims for unpaid wages and/or deductions under federal or state law (or any associated claims for liquidated damages, penalties, benefit plan contributions, costs, interest, attorney's fees, equitable relief or any other related remedies) from the beginning of time through the date of this Agreement, including but not limited to claims under the Fair Labor Standards Act, New York State Labor Law, the New York Wage-Hour Law, the New York Minimum Wage Order for the Restaurant Industry (Part 137 of Title 12 of Official Compilation of Codes, Rules and Regulations), the New York State Department of Labor regulations, and the New York Wage Payment Laws, as well as any wage and hour claims arising under common law. In the event any of the Plaintiffs institute, or himself/herself becomes a party to, or is a member of a class that institutes any such wage-and-hour action or proceeding, his/her claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement.   If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such wage-and-hour claim in which any of the Defendants is a party.

2.      This release shall not affect or limit: (a) any claims that may arise after the date Plaintiffs sign this Agreement; (b) Plaintiffs' right to enforce the terms of this Agreement; (c) any rights Plaintiffs may have to receive benefits for occupational illness or injury under the Workers' Compensation Law; and/or (d) any other claims that, under controlling law, may not be released by private settlement, including claims for vested benefits under any ERISA plan.

D.      **Mutual Non-Disparagement**

Plaintiffs agree that they will not make any negative statement (oral, written or otherwise) about any of the Defendants, or otherwise disparage any of the Defendants. In consideration thereof, Defendants agree that they will not make any negative statement (oral, written or otherwise) about any of the Plaintiffs, or otherwise disparage any of the Plaintiffs.

E.      **Representations and Acknowledgements**

1.      Plaintiffs represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorney and the attorneys for the Defendants.  Plaintiffs further represents that:

(a)  they are competent, as a matter of law, to enter into this Agreement;

(b)  they have reviewed each and every provision of this Agreement;

(c)  the Agreement has been explained to them by their attorney;

(d)  that this Agreement appears to them to have been written in a manner calculated to be understood by them;

(e)  they do in fact fully understand this Agreement, including the release of claims; and

(f)  they have relied on their own judgment and that of their counsel regarding the consideration for and language of this Agreement.

2.      Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3.      Plaintiffs further represent that none of the Releasees defined above have made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on

8

any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorney throughout these proceedings.  No statements made by any of the Defendants, their counsel or any other party have in any way coerced or unduly influenced Plaintiffs to execute this Agreement.

        **F.**     **Non-Admissions**

        1.     Plaintiffs agree that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted or anticipated litigation. Plaintiffs understand that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiffs' claims in the Complaint have any merit, or that any of the Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

        2.     Neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of any of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of any of the Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

        **G.**     **Attorneys' Fees and Costs**

Except as provided in Paragraph A(1), Plaintiffs and Defendants are responsible for their own attorneys' fees and costs in connection with this matter.  In the event any party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the breaching party.  For purposes of clarity, Plaintiffs are <u>not</u> entitled to make any applications for attorneys fees in any forum and understand that the payments in Paragraph A(1) is <u>inclusive</u> of any attorneys fees in connection with the Complaint.

**L.**     **<u>Complete Agreement</u>**

This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

**M.**     **<u>Additional Terms</u>**

1.     This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State.  The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2.     The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3.     Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4.     This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties.  This Agreement may not be modified orally.

5.     Except as otherwise stated in this Agreement, any demand, request or notice served pursuant to this Agreement must be written, and may be served personally, or by both regular and certified mail, return receipt requested, on either parties at the address set forth below, or such different address as parties may designate by notice.

To Plaintiffs:          Nicholas Conlon, Esq.
                        JTB Law Group LLC
                        155 2nd Street, Suite 4
                        Jersey City, NJ 07302

To Defendants:          Lee Nuwesra, Esq.
                        Law Offices of Lee Nuwesra,
                        60 East 42nd Street, Ste. 1132
                        New York, NY 10165

6.     This Agreement may be executed in counterparts, each of which shall be deemed an original for all purposes.  All counterparts shall be construed together and shall constitute one agreement.

7.     A facsimile or scanned signature shall be deemed an original for all purposes hereunder.

8.     The Parties hereby agree that, subject to the Court's approval, Magistrate Judge Ronald L. Ellis shall retain jurisdiction over this matter to enforce the terms of this Agreement and to settle any disputes pertaining to this Agreement.

9.     WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

11

IN WITNESS WHEREOF, the settling parties hereto have entered into and executed this Agreement as of the date above first written.

**PLAINTIFFS**                                      **DEFENDANTS**

SEGUNDO CHIMBAY                                     AMIN HIMANI


_____                _____

Segundo Chimbay                                     Amin Himani

DANIE JOSEPH                                        SIRAJ HIMANI


_____                _____

Danie Joseph                                        Siraj Himani
SEYDOU KONATE                                       500 CLARKSON INC.


_____                _____

Seydou Konate                                       By: Siraj Himani

                                                    Title: Owner


FERNANDO PENALOZA                                   504 CLARKSON INC.


_____                _____

Fernando Penaloza                                   By: Siraj Himani

Title: Owner

DELICIOUS HOT DOGS & PRETZELS INC.

_____

By: Siraj Himani

Title: Owner

PIZZA PLUS AT STATEN ISLAND FERRY INC.

_____

By: Siraj Himani

Title: Owner

13

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------**X**
**SEGUNDO CHIMBAY, DANIE JOSEPH,**
**SEYDOU KONATE**, and **FERNANDO**
**PENALOZA, on behalf of themselves and all**
**others similarly situated,**

     **Plaintiffs,**

               **Case No.: 1:15-cv-02000-RLE**

**v.**

**AMIN HIMANI,  SIRAJ HIMANI, 500**     **[PROPOSED] STIPULATED**
**CLARKSON INC., 504 CLARKSON INC.,**   **ORDER OF DISMISSAL WITH**
**DELICIOUS HOT DOGS & PRETZELS INC.,** and   **PREJUDICE**
**PIZZA PLUS AT STATEN ISLAND FERRY INC.,**

     **Defendants.**
-------------------------------------------------------------------**X**

    Defendants AMIN HIMANI, SIRAJ HIMANI, 500 CLARKSON INC., 504

CLARKSON INC., DELICIOUS HOT DOGS & PRETZELS INC., and PIZZA PLUS AT

STATEN ISLAND FERRY INC., and Plaintiffs SEGUNDO CHIMBAY, DANIE JOSEPH,

SEYDOU KONATE, and FERNANDO PENALOZA (collectively the "Parties"), by and

through their undersigned counsel, hereby stipulate and agree that the above captioned action is

voluntarily discontinued, with prejudice, against all Defendants, and without any award of fees

or costs to any party, except as provided in the Parties' Settlement Agreement.

    The terms of the Parties' Settlement Agreement have been reviewed and approved by the

Court. The Court hereby retains jurisdiction over this matter to enforce the terms of the Parties'

Settlement Agreement and to settle any disputes pertaining to the Settlement Agreement.

        [SIGNATURES ON NEXT PAGE]

         15

Date: _____, 2016
      New York, New York


By: _____         By: _____
Nicholas Conlon                        Lee Nuwesra, Esq.
JTB Law Group, LLC               Law Offices of Lee Nuwesra
155 2nd Street , Suite 4          60 E. 42nd St., Suite 1132
Jersey City, NJ 07302            New York, NY 10165
(201)-630-0000                     (212)-370-8707
Fax: (855)582-5297               Fax: 212-370-8708
Email: nicholasconlon@jtblawgroup.com   Email: lnuwesra@optonline.net

*Attorneys for Plaintiffs*               *Attorneys for Defendant*




**SO ORDERED:**



_____
Honorable Ronald L. Ellis
United States Magistrate Judge


16

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
**SEGUNDO CHIMBAY, DANIE JOSEPH, SEYDOU
KONATE,** and **FERNANDO PENALOZA, on behalf of
themselves and all others similarly situated,**

**Plaintiffs,**

v.                                    Case No.: 1:15-cv-02000-RLE

**AMIN HIMANI,  SIRAJ HIMANI, 500**                  **AFFIDAVIT FOR**
**CLARKSON INC., 504 CLARKSON INC.,**          **CONFESSION OF JUDGMENT**
**DELICIOUS HOT DOGS & PRETZELS INC.,** and
**PIZZA PLUS AT STATEN ISLAND FERRY INC.,**

**Defendants.**

----------------------------------------------------------------X

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF _____       )

SIRAJ HIMANI, being duly sworn, deposes and states:

1.      I am the Owner of 500 CLARKSON INC., 504 CLARKSON INC., DELICIOUS HOT

DOGS & PRETZELS INC., and PIZZA PLUS AT STATEN ISLAND FERRY INC., the

corporate Defendants in the above-entitled action ("Corporate Defendants").

2.      I am duly authorized to make this Affidavit on behalf of the Corporate Defendants and

myself.

3.      The Corporate Defendants are domestic corporations duly organized and existing

pursuant to the laws of the State of New York.

4.      The Corporate Defendants and myself hereby confess judgment for a debt justly to

become due to Plaintiffs' Attorneys JTB Law Group, LLC in the total sum of Thirty Thousand

Dollars and No Cents ($30,000.00)  (hereinafter, the "Debt") and:  (i) in the case of an Event of

18

Default (as defined in paragraph 10 herein), the Corporate Defendants and I hereby authorize JTB Law Group, LLC to file this Affidavit for Confession of Judgment and enter judgment against the Corporate Defendants and myself up to the entire remaining amount of the Debt, which shall not include any payments previously paid.

5.      JTB Law Group, LLC has agreed not to file this Affidavit for Confession of Judgment and/or enter judgment against the Corporate Defendants or me unless there is an Event of Default as defined herein. Said Confession of Judgment will be held in escrow by JTB Law Group, LLC.

6.      This Affidavit for Confession of Judgment is made in order to induce Plaintiffs to settle this action and to provide security in connection with the settlement between Plaintiffs and Defendants relating to their claims detailed in a Complaint in the United States District Court, Southern District of New York, Case Number 1:15-cv-02000-RLE (the "Complaint") against AMIN HIMANI,  500 CLARKSON INC., 504 CLARKSON INC.,  DELICIOUS HOT DOGS & PRETZELS INC., and PIZZA PLUS AT STATEN ISLAND FERRY INC., and me, alleging violations of the N.Y. Lab. Law Art. 6 §§ 190 *et seq.*; N.Y. Lab. Law Art. 19 §§ 650 *et seq.*; N.Y.S. Wage and Hour Laws; 12 N.Y. Comp. Code R. & Regs. §§ 142-1.1 *et seq.*; and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

7.      On or about July 8, 2016, Plaintiffs agreed to settle this action as against the Defendants for the total sum of One Hundred and Nineteen Thousand Dollars and No Cents ($119,000.00).

8.      The settlement, as set forth in the Settlement Agreement and Release (the "Agreement") shall be paid as follows: Within thirty (30) days after the later of (i) dismissal of the Action with prejudice in accordance with the terms of this Agreement; or (ii) all Plaintiffs' execution of the Agreement, Defendants shall deliver a payment to JTB Law Group, LLC, for a total amount of

19

Eighty Nine Thousand Dollars ($89,000.00), payable as follows: (i) Twelve Thousand Three Hundred Eighty-Six Dollars and Seventy Cents ($12,386.70) payable to Segundo Chimbay; (ii) Three Thousand Forty-One Dollars and Fifty-Three Cents ($3,041.53) payable to Danie Joseph; (iii) Forty-Five Thousand Four Hundred Ten Dollars and Ninety-Seven Cents ($45,410.97) payable to Seydou Konate; (iv) Eight Thousand One Hundred Sixty Dollars and Seventy-Nine Cents payable to Fernando Penaloza ($8,160.79); and (v) Twenty Thousand Dollars ($20,000.00) payable to JTB Law Group, LLC. Commencing with the first month falling at least sixty (60) days after the later of (i) dismissal of the Action with prejudice in accordance with the terms of this Agreement; or (ii) all Plaintiffs' execution of the Agreement, Defendants shall make twelve (12) installment payments of Two Thousand Five Hundred Dollars and No Cents ($2,500.00), each of which shall be payable to JTB Law Group, LLC and shall be due no later than the first day of each month for twelve (12) consecutive months, for a total of Thirty Thousand Dollars ($30,000.00).

9.      All payments shall be paid in accordance with the Agreement referenced herein.

10.     It shall be an "Event of Default" of  the Corporate Defendants' and my settlement obligation hereunder, if the Corporate Defendants or I fail to: (a) make any of the twelve $2,500.00 installment payments; and (b) cure such failure within thirty (30) business days after receiving written notice of default, sent by Federal Express to: Lee Nuwesra, Law Offices of Lee Nuwesra, 60 East 42nd Street, Ste. 1132, New York, NY 10165, as attorneys for the Corporate Defendants and me.

12.     Within ten (10) business days following receipt of the Final Installment Payment, Plaintiffs will deliver the original of this Affidavit for Confession of Judgment to Lee Nuwesra,

Law Offices of Lee Nuwesra, 60 East 42nd Street, Ste. 1132, New York, NY 10165,

lnuwesra@optonline.net, as attorneys for the Corporate Defendants and me.

13.    The Corporate Defendants and I agree to execute any additional documents, supplements

or modifications required by the Clerk of the Court in order to effectuate the filing of this

Affidavit for Confession of Judgment.


_____

By: SIRAJ HIMANI
On behalf of himself and as Owner,
500 CLARKSON INC., 504 CLARKSON INC., DELICIOUS HOT DOGS & PRETZELS INC.,
and PIZZA PLUS AT STATEN ISLAND FERRY INC.




Sworn to before me this

       day of                        , 2016


_____

Notary Public

21